JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER LOPEZ, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>KIA AMERICA, INC., et al.,<br><br>                    Defendants. | Case No. 5:22-cv-00880-FLA (SHKx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

# RULING

For the reasons stated herein, the court GRANTS Plaintiffs Javier and Pablo Lopez's ("Plaintiffs" or the "Lopezes") Motion to Remand ("Motion," Dkt. 22) and REMANDS the action to the Riverside County Superior Court.

# BACKGROUND

Plaintiffs filed the Complaint in this action on December 4, 2019, in the Riverside County Superior Court, in Case No. RIC1905959. Dkt. 1-1. On May 12, 2022, Plaintiffs filed the operative Third Amended Complaint ("TAC"), asserting claims against Defendant Kia Motors America, Inc. ("Defendant" or "Kia") for: (1) violation of California Civil Code § 1793.2(d); (2) violation of California Civil Code § 1793.2(b); (3) violation of California Civil Code § 1793.2(a)(3); (4) breach of express written warranty; (4) breach of the implied warranty of merchantability; (6) fraud by omission; and (7) violation of the Magnuson-Moss Warranty Act (the "Magnuson-Moss Act"), 15 U.S.C. § 2301, et seq. Dkt. 1-110 ("TAC"). Plaintiffs allege they purchased a 2011 Kia Optima (the "Subject Vehicle"), in or about August 2013, and received express written warranties at the time of purchase. *Id.* ¶¶ 9–10. According to Plaintiffs, the Subject Vehicle contained or developed during the warranty period defects that impair the use, value, or safety of the vehicle substantially. *Id.* ¶ 11.

On May 26, 2022, Defendant filed a Notice of Removal, removing the action to this court based on the Magnuson-Moss Act and federal question jurisdiction. Dkt. 1 ("Not. Removal") ¶ 4. On July 25, 2022, Plaintiffs filed the subject Motion to Remand. Dkt. 22 ("Mot.")[1] Defendant opposes the Motion. Dkt. 26 ("Opp'n"). On

---

[1] Defendant argues the Motion to Remand is untimely, as it was filed more than 30 days after removal. Opp'n at 17. Under 28 U.S.C. § 1447(c), a motion for remand must be filed within thirty days of the filing of the notice of removal to avoid waiver of any procedural defects in the notice of removal. *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs.*, 422 F.3d 72, 75 (2d Cir. 2005). Courts have recognized that

August 18, 2022, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for August 26, 2022.  Dkt. 29; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

## DISCUSSION

**I.    Legal Standard**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1331, 1332(a).  Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, based on federal question or diversity jurisdiction.

"[A]s specified in [28 U.S.C.] § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the

---

although "[t]his deadline is plainly mandatory," it is not jurisdictional, "nor is there any statutory language that purports to limit the court's power to consider an overdue motion."  *Id.*  As the court remands the action for lack of subject matter jurisdiction, Defendant's arguments regarding timeliness are moot.

amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

## II.    Analysis

Actions removed based on the Magnuson-Moss Act do not trigger federal question jurisdiction unless the amount in controversy is equal to or greater than "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in [the] suit." 15 U.S.C. § 2310(d)(3)(B); *Khachatryan v. BMW of N. Am., LLC*, Case No. 2:21-cv-01290-PA (PDx), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021). Courts analyze the amount in controversy under the Magnusson-Moss Act using the same principles as diversity jurisdiction. *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005).

Plaintiffs move to remand the action on the grounds that Defendant fails to establish that the requisite amount is in controversy for federal jurisdiction under the Magnuson-Moss Act. Mot. at 1. Defendant responds the amount in controversy exceeds $50,000, exclusive of interests and costs, based on Plaintiff's request for actual damages, civil penalties, and attorney's fees and costs. Opp'n at 12–16.

### A.    Actual Damages

Since the Magnuson-Moss Act does not specify the appropriate measure and type of damages that are available, "courts, including the Ninth Circuit, have turned to the applicable state law to determine which remedies are available under the Act, which of necessity informs the potential amount in controversy." *Id.* at 1239 (citing *Kelly v. Fleetwood Enters.*, 377 F.3d 1034, 1039 (9th Cir. 2004)). The applicable state warranty law here is the California Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), Cal. Civ. Code § 1790, et seq. *See* TAC. Under the Song-Beverly Act, the buyer of a vehicle may recover "in an amount equal to the actual

4

price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). This reduction, also known as a mileage offset, is calculated by dividing the number of miles driven prior to first delivery for correction by 120,0000. *Id.* § 1793.2(d)(2)(C).

Defendant contends Plaintiffs' pleaded actual damages are $24,351.16, based on the allegations of the Complaint. Opp'n at 13. According to Defendant, "Plaintiffs purchased the Subject Vehicle for a total sale price of $30,962.16," reduced to a total repurchase price of $24,351.16, after a statutory mileage offset of 36,731 miles is applied. Not. Removal at 3–4, ¶ 10(ii), (iv); Opp'n at 13 (citing Dkt. 1-115 ("Hurvitz Decl.") ¶ 8). Defendant does not state where it obtained the 36,731 miles figure used to calculate the offset or explain why the court should apply an offset based on that figure rather than a larger amount. *See* Not. Removal; Opp'n; Hurvitz Decl. Furthermore, Defendant's calculation appears to be incorrect, as a mileage offset of 36,731 miles from an initial purchase price of $30,962.16, would result in a total repurchase price of $21,484.90. *See* Cal. Civ. Code § 1793.2(d)(2)(C). Defendant, thus, fails to establish by a preponderance of the evidence that $24,351.16, reflects an accurate estimate of the repurchase price of the Subject Vehicle.

### B. Civil Penalties

"A plaintiff who establishes that a violation of the Song-Beverly Act was willful may recover a civil penalty of up to two times the amount of actual damages." *Estrada v. FCA US LLC*, Case No. 2:20-cv-10453-PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (citing Cal. Civ. Code § 1794(c)) (brackets omitted). However, "'[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed.'" *Pennon v. Subaru of Am., Inc.*, Case No. 2:22-cv-03015-SB (RAOx), 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding action where defendant provided no specific argument or evidence for including a civil penalty in

5

the amount in controversy) (quoting *Castillo v. FCA USA, LLC*, Case No. 3:19-cv-00151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019)). "To satisfy its burden, the removing party 'must make some effort to justify the assumption by, for example, pointing to allegations in the [c]omplaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty.'" *Id.* (quoting *Zawaideh v. BMW of N. Am., LLC*, Case No. 3:17-cv-02151-W-KSC, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018)).

District courts regularly find a plaintiffs' boilerplate allegations regarding defendants' willfulness are, without more, insufficient to establish that civil penalties of two times actual damages are not speculative and should be included in the amount in controversy. *See Estrada*, 2021 WL 223249, at *3 (collecting cases and remanding where inclusion of civil penalties to establish amount in controversy was "too speculative and not adequately supported by the facts and evidence"). This is because "[s]imply assuming a civil penalty [will be] award[ed] is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, Case No. 5:18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (quotation marks omitted); *see also Zawaideh*, 2018 WL 1805103, at *2; *Khachatryan*, 2021 WL 927266, at *2.

Defendant argues a civil penalty of twice the repurchase price of the Subject Vehicle should be included in the amount in controversy because "plaintiffs pray for a civil penalty of two times (2x) the amount of their damages…" Not. Removal at 4, ¶ 10(iv); Opp'n at 13–15. Defendant, however, does not point to any allegations of the TAC or present evidence regarding willfulness, or otherwise establish that an award of civil penalties is not speculative. *See id.* Accordingly, the court finds Defendant fails to meet its burden to demonstrate civil penalties of two times actual damages should be included in the amount in controversy. *See Estrada*, 2021 WL 223249, at *3.

6

### C. Attorney's Fees and Costs

In the Ninth Circuit, attorney's fees awarded under fee-shifting statutes may be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). A removing defendant, however, bears the burden "to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

"While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, Case No. 3:21-cv-00857-TWR-AGS, 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021); *cf. D'Amico v. Ford Motor Co.*, Case No. 2:20-cv-02985-CJC (JCx), 2020 WL 2614610, at *4 (C.D. Cal. May 21, 2020) ("[M]any cases alleging violations of the [Song-Beverly] Act settle early."). A defendant fails to show attorney's fees are part of the amount in controversy where it "makes no effort to explain what amount of attorney fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hour or billing rates that might apply." *Vega v. FCA US, LLC*, Case No. 2:21-cv-05128-VAP (MRWx), 2021 WL 3771795, at *4 (C.D. Cal. Aug. 25, 2021).

Defendant argues "[t]here are several cases where the same firm that represents plaintiff[s] here sought well in excess of $50,000 in fees[.]" Opp'n at 16. Defendant, however, does not discuss the facts of the cases cited or explain how those cases were in any way analogous to the case at hand. *See id.* The fact that Plaintiffs' counsel sought and obtained significant attorney's fee awards in other actions involving the

7

Song-Beverly Act is alone insufficient to demonstrate it is more likely than not that Plaintiffs will incur a similar fee award here. *See Kaplan*, 2021 WL 4352340, at *6. Defendant's argument, thus, fails.

## CONCLUSION

In sum, Defendant fails to meet its burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum for federal jurisdiction under the Magnuson-Moss Act. The court, therefore, REMANDS the action to the Riverside County Superior Court, Case No. RIC1905959. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: September 22, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge